UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JAMES REYNOLDS**<br>    **LA. DOC #590597**<br>**VS.** | **CIVIL ACTION NO. 3:12-cv-2991**<br><br>**SECTION P**<br><br>**JUDGE JAMES T. TRIMBLE, JR.** |
| **LASALLE MANAGEMENT**<br>**CO., LLC** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for want of prosecution, [doc. # 40], filed by Defendants Warden Windham, LaSalle Management Company, L.L.C., Nurse Gwen Warren, and Warden Zach Crooks. Plaintiff does not oppose the Motion. For reasons set forth below, it is recommended that the Motion be **GRANTED IN PART**.

**Background**

*Pro se* Plaintiff James Reynolds, proceeding *in forma pauperis*, first filed suit pursuant to 42 U.S.C. § 1983 on November 29, 2012. [doc. # 1]. He filed an amended complaint on February 22, 2013, pursuant to the Court's January 24, 2013 Order. [doc. # 10]. On March 25, 2013, the Court granted Plaintiff's Motion to Enroll Counsel. [doc. # 15]. Counsel for Plaintiff then filed a second amended Complaint ("the Complaint") on April 30, 2013. [doc. # 16].

On April 10, 2014, Plaintiff's Counsel moved to withdraw from the case due to "irreconcilable issues in the attorney-client relationship . . . ." [doc. # 38]. Counsel certified to the Court that he notified Plaintiff of the Motion to Withdraw and informed Plaintiff of the

pending deadlines and necessary court appearances. [doc. #s 38, p. 3; 38-1]. Counsel also notified the Court of Plaintiff's new address and new telephone number.[1] *Id.* On April 14, 2014, the court granted counsel's motion. [doc. # 39].

Defendants filed the instant Motion on August 21, 2014. [doc. # 40]. They begin by stating that they first propounded discovery on Plaintiff's Counsel on February 20, 2014. [doc. # 40-3]. On May 7, 2014, after Plaintiff's Counsel withdrew and before they received any responses to the propounded discovery, Defendants propounded discovery directly to Plaintiff using the updated address that Plaintiff's Counsel provided. [doc. # 40-4]. However, on May 9, 2014, the United States Postal Service returned the discovery to Defendants because it was "not deliverable as addressed." [doc. # 40-5, p. 1].

Defendants' Counsel states that he "attempted to telephone [Plaintiff] at the number provided by the Clerk of Court," but "was greeted with a message that the number had been changed or was no longer in service." [doc. # 40-1, p. 2]. Counsel further asserts that he called a second time but was "again greeted with the same message." *Id.* On the third call, Counsel "was informed that the number was no longer in service or had been changed or disconnected." *Id.* Counsel also attempted to contact Plaintiff by mailing him a second letter on June 16, 2014. [doc. # 40-6].

Defendants maintain that Plaintiff never responded to the discovery requests and has yet to respond to any of Counsel's attempts to contact him. [doc. # 40-1, p. 1]. They contend that,

---

[1] Plaintiff was an inmate confined at David Wade Correctional Center when he filed the initial complaint. [doc. # 1]. However, Plaintiff is no longer in custody. TELEPHONE CALL TO THE OFFENDER LOCATOR SYSTEM, September 16, 2014. According to the Louisiana Offender Locator System, Plaintiff is "being supervised by the Tallulah probation and parole district office." *Id.*

due to Plaintiff's silence, they cannot complete discovery and cannot prepare for the trial set for November 17, 2014. *Id.* at 4. They also contend that Plaintiff has failed keep them, as well as the Court, apprised of his current address and telephone number. As a result, they seek dismissal with prejudice for want of prosecution. *Id.* at 3-4.

      The matter is now before the Court.

## Law and Analysis

Federal Rule of Civil Procedure 41(b) authorizes courts to dismiss an action if a plaintiff fails to diligently prosecute his case. This authorization "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Similarly, Local Rule 41.3 states that "[t]he failure of . . . a pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." Exercise of the power to dismiss is ultimately committed to the sound discretion of the district courts. *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

On August 21, 2014, the Court attempted to mail Plaintiff a "Notice of Motion Setting Without Date" to inform Plaintiff of the deadline for responding to the instant Motion. [doc. # 41]. However, the United States Postal Service returned the mailing to the Clerk of Court on August 25, 2014, noting that it was "Not Deliverable As Addressed." [doc. # 42]. Despite declaring in his initial *pro se* complaint that he understood that his failure to apprise the Court of his new address would result in dismissal, [doc. # 1, p. 4], Plaintiff has yet to provide the Court with a new address, telephone number, or other means of contact.

3

By failing to provide the Court with his correct address and telephone number, Plaintiff has prevented the Court, as well as Defendants, from communicating with him and expediting the resolution of these proceedings. This failure, along with his failure to cooperate in discovery, indicates that Plaintiff has lost interest in pursuing this lawsuit. Accordingly, dismissal for failure to prosecute is warranted.

However, dismissal *with prejudice* is only "appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, . . ., and when lesser sanctions would not serve the best interests of justice." *Bryson v. U.S.*, 553 F.3d 402, 403 (5th Cir. 2008) (citation and internal quotation marks omitted). Generally, a court must find one or more of the following aggravating factors to dismiss an action with prejudice: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Here, while Plaintiff has exhibited some inaction with respect to Defendants' discovery requests, he has not exhibited a clear record of contumacious conduct. *See Pedraza v. Meyer*, 20 F.3d 470 (5th Cir. 1994) (holding that the plaintiff's "failure to inform the district court of his current address [did] not amount to a clear record of delay or contumacious conduct."). Although Plaintiff has thus far failed to comply with Local Rule 41.3 by failing to update his address, he has not violated or ignored any other Court rules or orders.[2] *See Berry*, 975 F.2d at n.6 (stating that a district court usually abuses its discretion to dismiss an action with prejudice "where a plaintiff has failed only to comply with a few court orders or rules . . . ."). In other

---

[2] Contumacious conduct is defined as "[a] willful disobedience of a *court order*." BLACK'S LAW DICTIONARY (9th ed. 2009) (emphasis added).

words, he has not demonstrated "the stubborn resistance to authority that is the hallmark of contumacious conduct." *See Lucas v. Cain*, 2014 WL 2767081, at *1 (5th Cir. 2014) (citation and internal quotation marks omitted)*; Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252-53 (5th Cir.1984) (concluding that negligence, imprudence, lack of consideration, and lack of discretion do not rise to the level of contumaciousness).

In addition, Plaintiff has not exhibited the requisite "clear record of delay." The "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982) (citing as an example a case that was dormant for seven years and noting that the "decisions of this court affirming Rule 41(b) dismissals with prejudice involve egregious and sometimes outrageous delays."). Here, the Clerk of Court unsuccessfully attempted to mail Plaintiff a Notice of Motion Setting some forty days ago. This period of inaction is insufficient to justify dismissal with prejudice. *See, e.g., Humphrey v. Stephens*, 2014 WL 3058225 (5th Cir. July 8, 2014) (holding that the "passage of less than three weeks without notification of an address change was insufficient, by itself, to justify a dismissal with prejudice," especially where nothing indicated that the plaintiff's failure "to notify the court in a more timely fashion that he had been released from prison was due to anything other than negligence.").

To be sure, Plaintiff has exhibited significant recalcitrance with respect to Defendants' discovery requests. However, even when the Court considers this conduct in conjunction with Plaintiff's failure to apprise the Court and the Defendants of his current address, the Court does

5

not find that dismissal with prejudice is warranted.  *C.f. Wright v. Robinson*, 113 Fed. App'x 12, 15-16 (5th Cir. 2004) (upholding a dismissal with prejudice where a plaintiff failed to cooperate in the discovery process, ignored the court's discovery order, and ignored the court's warning regarding the discovery order); *Morgan v. Grande Commc'ns Network, LLC*, 2014 WL 3706620, at *2 (N.D. Tex. July 25, 2014) (dismissing a case with prejudice under analogous circumstances, but also where the plaintiff failed to respond to a court order to appear at a hearing, filed nothing for more than one year, and ignored a warning that sanctions could be imposed); *Thompson v. Foremost Ins. Co.*, 2010 WL 4237786, at *4-5 (W.D. La. Oct. 20, 2010) (dismissing a case with prejudice under analogous circumstances, but also where the plaintiff failed to attend three mandatory hearings, refused to adhere to repeated warnings of dismissal, and failed to appear at a deposition).

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Defendants' Motion, [doc. # 40], be **GRANTED IN PART**, and that Plaintiff's Complaint, [doc. # 16], be **DISMISSED WITHOUT PREJUDICE**, subject to Plaintiff's right to reinstate the action within thirty (30) days upon a showing of good cause.  *See* LR 41.3.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.

Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 30th day of September, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE